**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **ROBERT VANDYKE,**<br>                    **Plaintiff,**<br><br>vs.<br><br>**JEREMY McDOWELL,**<br>**individually and in his capacity as**<br>**an officer of the Wapello County**<br>**Sheriff's Office; JOHN DOE 1,**<br>**individually and in their capacity**<br>**as an officer of the Wapello County**<br>**Sheriff's Office; JOHN DOE 2,**<br>**individually and in their capacity**<br>**as an officer of the Wapello County**<br>**Sheriff's Office; DON PHILLIPS,**<br>**individually and in his capacity as**<br>**Wapello County Sheriff; WAPELLO**<br>**COUNTY, IOWA; DEREK SHAW,**<br>**individually and in his capacity as**<br>**an officer of the Ottumwa Police**<br>**Department; JOHN DOE 3,**<br>**individually and in their capacity**<br>**as an officer of the Ottumwa**<br>**Police Department; CHAD**<br>**FARRINGTON, individually and in**<br>**his capacity as Chief of Police of**<br>**the Ottumwa Police Department;**<br>**CITY OF OTTUMWA, IOWA;**<br>                    **Defendants.** | **CASE NO.  4:21-cv-00160**<br><br><br><br><br><br><br><br>**COMPLAINT and JURY**<br>**DEMAND** |

**COMES NOW** the Plaintiff Robert VanDyke and for his causes of action states:

**PARTIES**

1.     Robert VanDyke is a United States citizen and was a resident of Ottumwa, Wapello County, Iowa at the relevant times complained of herein.

2.     Jeremy McDowell is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Wapello County Sheriff's Office at the relevant times complained of herein.

3.     John Doe 1 is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Wapello County Sheriff's Office at the relevant times complained of herein.

4.     John Doe 2 is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Wapello County Sheriff's Office at the relevant times complained of herein.

5.     Don Phillips is believed to be a citizen and resident of Iowa and was employed as Sheriff for Wapello County at the relevant times complained of herein.

6.     Wapello County, Iowa is a county corporation existing under the laws of the State of Iowa and operates the Wapello County Sheriff's Office.

7.     Derek Shaw is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Ottumwa Police Department at the relevant times complained of herein.

8.     John Doe 3 is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Ottumwa Police Department at the relevant times complained of herein.

9.     Chad Farrington is believed to be a citizen and resident of Iowa and was employed as Chief of Police for the Ottumwa Police Department at the relevant times complained of herein.

10.    The City of Ottumwa, Iowa is located at 105 E. Third Street, Ottumwa, Wapello County, Iowa, is a municipal corporation organized and authorized to operate under the laws of Iowa and is responsible for maintaining and operating the Ottumwa Police Department.

## JURISDICTION AND VENUE

11.    Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

12.    Supplemental jurisdiction to hear and decide pendent claims arising out of State law is invoked under 28 U.S.C. §1367.

13.    All events and actions referenced herein occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C §1391(b)(1) - (2).

## FACTUAL BACKGROUND

14.    On June 12, 2019, at approximately 2:30 a.m., Robert was at his private residence.

15.    Robert's residence is on one acre of property approximately two miles out of Ottumwa proper.

16.    Sometime earlier that night, law enforcement had responded to his residence concerning a noise complaint related to the use of an ATV by Robert's son and son's friends.

17.    At the time law enforcement first came to his residence, Robert was not present, as he was out at a social event.

18.    Robert returned to his residence at approximately 1:00 a.m.

19.    Upon returning to his residence, Robert learned of the incident with the ATV, including it being damaged.

20.  Robert and his significant other engaged in a verbal argument.

21.  Despite the argument being purely verbal, Robert's son called 911.

22.  Law enforcement returned to Robert's residence *en masse*, with upwards of fifteen cars responding.

 

23.  Officers from both the Wapello County Sheriff's Office and the Ottumwa Police Department responded to the scene.

24.  When law enforcement arrived, Robert was sleeping in his private driveway.

25.  Robert was intoxicated.

26.  Robert was clothed in a pair of shorts, without a shirt or shoes.

27.  Robert's son was next to Robert when officers arrived.

28.     Despite Robert being visibly unarmed, officers of the Wapello County Sheriff's Office and Ottumwa Police Department immediately drew guns and tazers and pointed them at Robert.

29.     Based on information and belief, Deputy Jeremey McDowell, Officer Derek Shaw, and John Doe 1 and 3 continued to point their guns at Robert after he was compliant and determined to not be armed.

30.     Robert and his son were directed at gun point to step off his private property into the public street.

31.     Robert was arrested by Deputy McDowell and Officer Shaw.

32.     Robert is disabled due to injuries to his left arm and knees.

33.     The fact of Robert's disability was known to Deputy McDowell, Officer Shaw, and other responding officers.

34.     Due to the disability of his left arm, Robert is unable to move his arm behind his back easily or comfortably.

35.     Due to the disability of his left arm, during prior arrests by the Wapello County Sheriff's Office and Ottumwa Police Department, Robert had been handcuffed in the front.

36.     Rather than handcuffing an unarmed and compliant Robert in the front, Deputy McDowell and Officer Shaw yanked and twisted Robert's left arm behind his back.

37.     Deputy McDowell and Officer Shaw utilized unreasonable force in handcuffing Robert's arms behind his back.

38. Deputy McDowell had previously been found by the Ombudsman of the State of Iowa to have, on or about May 20, 2007, engaged in the use of excessive force against a restrained individual.

39. Robert was taken to the Wapello County Jail.

40. During the booking process, John Doe 2 told Robert, who was still handcuffed, to take off his belt and boots.

41. Robert told John Doe 2 to remove those items himself.

42. John Doe 2 immediately shoved Robert, who was still handcuffed, into a concrete half-wall in the booking area.

43. The impact with which John Doe shoved Robert into the half-wall caused Robert to suffer a closed compression fracture of thoracic vertebra, a closed fracture of a rib on his left side, and contusion of his right knee.

44. On June 12, 2019, Deputy McDowell filed a criminal complaint, signed under oath, stating Robert had used or consumed alcoholic liquor, wine or beer upon a public street or highway, or in a public place.

45. Robert had not consumed alcohol of any kind in public.

46. There was no evidence or information from which a reasonable officer could suspect Robert of consuming alcohol in public.

47. On November 20, 2019, the State of Iowa, through the Wapello County Attorney, filed a Motion to Amend which acknowledged Deputy McDowell had initiated the criminal prosecution against Robert.

48.     In the Motion to Amend, the State of Iowa, through the Wapello County Attorney, also acknowledged the charge brought against Robert was improper and not supported by any evidence.

49.     In the Motion to Amend, the State of Iowa sought to amend the criminal charge to public intoxication, based on the factual representations of Deputy McDowell.

50.     In the sworn criminal complaint, Deputy McDowell asserted Robert had been found intoxicated in the roadway.

51.     Deputy McDowell made this statement under oath despite knowing Robert had been found in his private driveway, not in a public roadway.

52.     Based on Deputy McDowell's representations, the Motion to Amend was granted on November 21, 2019.

53.     Despite being directed to file an additional complaint to clarify the charges against Robert, Deputy McDowell failed to do so for approximately 17 months.

54.     On April 19, 2021, the State of Iowa filed a Motion to Dismiss the criminal charge against Robert, in the interest of justice, with costs assessed to the State.

55.     On April 21, 2021, the Motion to Dismiss was granted.

## CAUSES OF ACTION

### Count I
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**Right to be Free from Arrest without Probable Cause**

*(Against Jeremy McDowell and Derek Shaw, individually)*

56.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

57.     Jeremy McDowell and Derek Shaw are persons for purposes of a Section 1983 action for damages.

58.     At all times material hereto, Deputy McDowell's actions and/or omissions were made under the color of authority and law as an officer of the Wapello County Sheriff's Department.

59.     At all times material hereto, Officer Shaw's actions and/or omissions were made under the color of authority and law as an officer of the Ottumwa Police Department.

60.     On Jun 12, 2019, Deputy McDowell and Officer Shaw violated Robert's clearly established constitutional rights by arresting Robert without probable cause to believe a criminal offense had been committed.

61.     Based upon the facts known to Deputy McDowell and Officer Shaw, no reasonable officer could believe probable cause existed to arrest Robert.

62.     There was no warrant for Robert's arrest.

63.     Deputy McDowell and Officer Shaw violated Robert's Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from unlawful arrest.

64.     Deputy McDowell and Officer Shaw demonstrated a deliberate indifference to and a reckless disregard of Robert's constitutional rights in his unlawful arrest of Robert.

65.     Deputy McDowell's and Officer Shaw actions were willful, wanton, unlawful, and in gross disregard of Robert's constitutional rights, justifying an award of punitive damages.

66.     As a direct and proximate result of Deputy McDowell and Officer Shaw's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

a.  Deprivation of his constitutional rights;

b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.  Loss of income and earning capacity

d.  Consequential damages;

e.  Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

f.  Punitive damages;

g.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

h.  Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against Deputy Jeremy McDowell and Officer Derek Shaw as follows:

a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b.  Compensation for violation of Robert's constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c.  Costs in this action, including but not limited to reasonable attorney's

fees and costs pursuant to 42 U.S.C. §1988;

    d.   Punitive damages; and,

    e.   Such relief as the Court deems just and equitable.

## Count II
### VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION
### Right to be Free from Arrest without Probable Cause
### *(Against Jeremy McDowell and Derek Shaw, individually)*

67.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

68.    At all times material hereto, Jeremy McDowell's actions and/or omissions were made under the color of authority and law as an officer of the Wapello County Sheriff's Department.

69.    At all times material hereto, Derek Shaw's actions and/or omissions were made under the color of authority and law as an officer of the Ottumwa Police Department.

70.    On Jun 12, 2019, Deputy McDowell and Officer Shaw violated Robert's clearly established constitutional rights by arresting Robert without probable cause to believe a criminal offense had been committed.

71.    Based upon the facts known to Deputy McDowell and Officer Shaw, no reasonable officer could believe probable cause existed to arrest Robert.

72.    There was no warrant for Robert's arrest.

73.    Deputy McDowell and Officer Shaw violated Robert's rights under Article I, §8 of the Iowa Constitution to be free from unlawful arrest.

74.    Deputy McDowell and Officer Shaw demonstrated a deliberate indifference to and a reckless disregard of Robert's constitutional rights in his unlawful arrest of Robert.

75.    Deputy McDowell and Officer Shaw's actions were willful, wanton, unlawful, and in gross disregard of Robert's constitutional rights, justifying an award of punitive damages.

76.    Robert requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell and Officer Shaw's violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

77.    As a direct and proximate result of Deputy McDowell and Officer Shaw's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

   a.  Deprivation of his constitutional rights;

   b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c.  Loss of income and earning capacity

   d.  Consequential damages;

   e.  Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

   f.  Punitive damages;

   g.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

   h.  Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against Deputy Jeremy McDowell and Officer Derek Shaw as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b. Compensation for violation of their constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c. Costs in this action, including but not limited to reasonable attorney's fees and costs at common law;

d. Punitive damages; and,

e. Such relief as the Court deems just and equitable.

## Count III
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### Right to be Free from Excessive Force
### *(Against Jeremy McDowell, Derek Shaw, John Doe 1, John Doe 2, and John Doe 3, individually)*

78. Plaintiff repleads each preceding paragraph as if fully set forth herein.

79. Jeremy McDowell, Derek Shaw, John Doe 1, John Doe 2, and John Doe 3 are persons for purposes of a Section 1983 action for damages.

80. At all times material hereto, the actions and/or omissions of Jeremy McDowell, John Doe 1, and John Doe 3 were made under the color of authority and law as officers of the Wapello County Sheriff's Department.

81. At all times material hereto, the actions and/or omissions of Derek Shaw and John Doe 2 were made under the color of authority and law as officers of the Ottumwa Police Department.

82.     On or about June 12, 2019, Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 violated Robert's constitutional rights by using excessive force in Robert's arrest.

83.     Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 violated Robert's Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from excessive force.

84.     The use of force Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 employed while confronting Robert was excessive, unreasonable, and unnecessary under the circumstances.

85.     Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 demonstrated a deliberate indifference to and a reckless disregard of Robert's constitutional rights by his use of force against Robert.

86.     The actions of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 were willful, wanton, unlawful, and in gross disregard of Robert's civil rights, justifying an award of punitive damages.

87.     As a direct and proximate result of the illegal and unjustified conduct of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

   a.  Deprivation of his constitutional rights;

   b.  Physical and mental pain and suffering;

   c.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    d.  Loss of income and earning capacity

    e.  Consequential damages;

    f.  Actual and compensatory damages;

    g.  Punitive damages;

    h.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

    i.  Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against Deputy Jeremy McDowell, Deputy McDowell, Officer Derek Shaw, John Doe 1, John Doe 2, and John Doe 3 as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    b.  Compensation for violation of their constitutional rights, loss of income and earning capacity; humiliation, degradation, public ridicule, loss of personal and professional reputation;

    c.  Pain and suffering, both past and future;

    d.  Costs in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

    e.  Punitive damages; and,

    f.  Such relief as the Court deems just and equitable.

### Count IV
**VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION**
**Right to be Free from Excessive Force**
***(Against Jeremy McDowell, Derek Shaw, John Doe 1, John Doe 2, and John Doe 3, individually)***

88.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

89.    At all times material hereto, the actions and/or omissions of Jeremy McDowell, John Doe 1, and John Doe 3 were made under the color of authority and law as officers of the Wapello County Sheriff's Department.

90.    At all times material hereto, the actions and/or omissions of Derek Shaw and John Doe 2 were made under the color of authority and law as officers of the Ottumwa Police Department.

91.    On June 12, 2019, Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 violated Robert's clearly established constitutional rights by using excessive force in Robert's arrest.

92.    Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 violated Robert's rights under Article I, §8 of the Iowa Constitution to be free from excessive force.

93.    The use of force Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 employed while confronting Robert was excessive, unreasonable, and unnecessary under the circumstances.

94.    Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 demonstrated a deliberate indifference to and a reckless disregard of Robert's constitutional rights by his use of force against Robert.

95.    The actions of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 were willful, wanton, unlawful, and in gross disregard of Robert's constitutional rights, justifying an award of punitive damages.

96.    Robert requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2,

and John Doe 3's violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

97.    As a direct and proximate result of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

    a.  Deprivation of his constitutional rights;

    b.  Physical and mental pain and suffering;

    c.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    d.  Loss of income and earning capacity;

    e.  Consequential damages;

    f.  Actual and compensatory damages;

    g.  Punitive damages;

    h.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

    i.  Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against the Deputy Jeremy McDowell as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    b.  Compensation for violation of their constitutional rights, loss of income and earing capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation;

    c.  Pain and suffering, both past and future;

    d.  Costs in this action, including but not limited to reasonable attorney's fees and costs at common law;

    e.  Punitive damages; and,

    f.  Such relief as the Court deems just and equitable.

### Count V
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 VIOLATION OF FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**Monell Liability for Arrest without Probable Cause**
***(Against Don Phillips and Chad Farrington, individually, Wapello County, Iowa and City of Ottumwa, Iowa)***

98.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

99.    Don Phillips, Wapello County, Chad Farrington, and City of Ottumwa are persons for purposes of a Section 1983 action for damages.

100.    At all times material hereto, Don Phillips' actions and/or omissions were made under the color of authority as Sheriff for Wapello County.

101.    As Sheriff, Sheriff Phillips is responsible for supervising and training the law enforcement officers of the Wapello County Sheriff's Office, as well as implementing and enforcing Wapello County's policies.

102.    At all times material hereto, Chad Farrington's actions and/or omissions were made under the color of authority as Chief of the Ottumwa Police Department.

103.    As Chief of Police, Chief Farrington is responsible for supervising and training the law enforcement officers of the Ottumwa Police Department, as well as implementing and enforcing the City of Ottumwa's policies.

104.   Sheriff Phillips and Wapello County failed to establish and/or maintain, and/or enforce official county policies, patterns, practices, or customs for determining when probable cause exists to make an arrest for public intoxication or public consumption of alcohol.

105.   Chief Farrington and City of Ottumwa failed to establish and/or maintain, and/or enforce official city policies, patterns, practices, or customs for determining when probable cause exists to make an arrest for public intoxication or public consumption of alcohol.

106.   Prior to the events described *supra*, Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa deliberately and with reckless disregard for the constitutional rights of their citizens failed to establish an adequate and sufficient policy and procedure for training or supervising officers within the respective departments relating to when probable cause exists to make an arrest for public intoxication or public consumption of alcohol.

107.   Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdictions failed to adequately and sufficiently train and/or supervise officers within their departments regarding when probable cause exists to make an arrest for public intoxication or public consumption of alcohol.

108.   The customs and practices of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa were ones which involved the failure to initiate policies to ensure arrest are performed only where a warrant was issued or where probable cause exists to believe a criminal offense has been committed.

109.    The acts and/or omissions of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa regarding law enforcement and citizen interactions amounted to deliberate indifference to the rights and safety of citizens, including Robert.

110.    The actions and/or omissions of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa intruded upon Robert's right to be free from arrest in the absence of probable cause.

111.    The failure of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused Deputy McDowell and Officer Shaw to violate Robert's constitutional rights.

112.    Sheriff Phillips and Chief Farrington's actions were willful, wanton, unlawful, and in gross disregard of Robert's civil rights, justifying an award of punitive damages.

113.    As a direct and proximate result of Deputy McDowell and Officer Shaw's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Loss of income and earning capacity

    d.  Consequential damages;

    e.  Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

    f.   Punitive damages as to Sheriff Phillips and Chief Farrington;

    g.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

    h.   Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against Don Phillips, Wapello County, Chad Farrington, and City of Ottumwa as follows:

    a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    b.   Compensation for violation of Robert's constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.   Costs in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

    d.   Punitive damages as to Sheriff Phillips and Chief Farrington; and,

    e.   Such relief as the Court deems just and equitable.

### Count VI
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 VIOLATION OF FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### Monell Liability for Excessive Force
### *(Against Don Phillips and Chad Farrington, individually, Wapello County, Iowa and City of Ottumwa, Iowa)*

114.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

115.   Don Phillips, Wapello County, Chad Farrington, and City of Ottumwa are persons for purposes of a Section 1983 action for damages.

116.   At all times material hereto, Don Phillips' actions and/or omissions were made under the color of authority as Sheriff for Wapello County.

117.   As Sheriff, Sheriff Phillips is responsible for supervising and training the law enforcement officers of the Wapello County Sheriff's Office, as well as implementing and enforcing Wapello County's policies.

118.   At all times material hereto, Chad Farrington's actions and/or omissions were made under the color of authority as Chief of the Ottumwa Police Department.

119.   As Chief of Police, Chief Farrington is responsible for supervising and training the law enforcement officers of the Ottumwa Police Department, as well as implementing and enforcing the City of Ottumwa's policies.

120.   Sheriff Phillips and Wapello County failed to establish and/or maintain, and/or enforce official county policies, patterns, practices, or customs concerning when and to what degree force is to be used in effectuating an arrest.

121.   Chief Farrington and City of Ottumwa failed to establish and/or maintain, and/or enforce official city policies, patterns, practices, or customs for determining when and to what degree force is to be used in effectuating an arrest.

122.   Prior to the events described *supra*, Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa deliberately and with reckless disregard for the constitutional rights of their citizens failed to establish an adequate and sufficient policy and procedure for training or supervising officers within the respective departments relating to when and to what degree force is to be used in effectuating an arrest.

123.   Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdictions failed to adequately and sufficiently train

and/or supervise officers within their departments regarding when and to what degree force is to be used in effectuating an arrest.

124.    The customs and practices of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa were ones which involved the failure to initiate policies to ensure force is not used against a compliant and non-fleeing person when arresting or booking an individual for a non-violent simple misdemeanor.

125.    The acts and/or omissions of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa regarding law enforcement and citizen interactions amounted to deliberate indifference to the rights and safety of citizens, including Robert.

126.    The actions and/or omissions of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa intruded upon Robert's right to be free from arrest in the absence of probable cause.

127.    The failure of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 to violate Robert's constitutional rights.

128.    Sheriff Phillips and Chief Farrington's actions were willful, wanton, unlawful, and in gross disregard of Robert's civil rights, justifying an award of punitive damages.

129.    As a direct and proximate result of Deputy McDowell and Officer Shaw's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

a.   Deprivation of his constitutional rights;

b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.   Loss of income and earning capacity

d.   Consequential damages;

e.   Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

f.   Punitive damages as to Sheriff Phillips and Chief Farrington;

g.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

h.   Other damages as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment against Don Phillips, Wapello County, Chad Farrington, and City of Ottumwa as follows:

a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b.   Compensation for violation of Robert's constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c.   Costs in this action, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

d.   Punitive damages as to Sheriff Phillips and Chief Farrington; and,

e.   Such relief as the Court deems just and equitable.

### Count VII
#### MALICIOUS PROSECUTION
#### (*Against Jeremy McDowell, individually and in his official capacity*)

130.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

23

131.   Robert was prosecuted in a criminal proceeding in *State v. VanDyke*, Wapello County Case No. SMSM0427278, beginning on or about June 12, 2019.

132.   Deputy McDowell caused this prosecution by preparing and filing a criminal complaint against Robert.

133.   The prosecution ended favorably for Robert, with the charge dismissed against him on the State's motion and in the interest of justice, with all costs charged to the State.

134.   Deputy McDowell acted without probable cause.

135.   Based upon the facts known to Deputy McDowell, no reasonable officer could believe probable cause existed to charge Robert with a criminal offense.

136.   Deputy McDowell acted with malice.

137.   The prosecution was a cause of damages to Robert, including incurring attorney fees and costs associated with defending against the criminal charge.

138.   Deputy McDowell's actions were willful, wanton, unlawful, and in gross disregard of Robert's rights and reputation justifying an award of punitive damages.

139.   Robert hereby requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell's behavior was oppressive, conniving, harsh, cruel, and or tyrannical.

**WHEREFORE**, Plaintiff prays for judgment against Jeremy McDowell in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, loss of income and earning capacity, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## Count VIII
### FALSE ARREST
### (*Against Jeremy McDowell and Derek Shaw, individually and in their official capacity*)

140.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

141.   On June 12, 2019, Robert was detained and restrained against his will.

142.   Robert's detention and restraint was done by Deputy McDowell and Officer Shaw.

143.   The detention and restraint by Deputy McDowell and Officer Shaw was a cause of Robert's damages, including incurring attorney fees and costs associated with defending against the criminal charge.

144.   Deputy McDowell and Officer Shaw's detention and restraint of Robert was without probable cause.

145.   Based upon the facts known to Deputy McDowell and Officer Shaw, no reasonable officer could believe probable cause existed to arrest Robert.

146.   Deputy McDowell and Officer Shaw's acted with malice in the detention and restraint of Robert.

147.   Deputy McDowell and Officer Shaw's actions were willful, wanton, unlawful, and in gross disregard of Robert's rights and reputation, justifying an award of punitive damages.

148.   Robert hereby requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell and Officer Shaw's behavior was oppressive, conniving, harsh, cruel, and or tyrannical.

**WHEREFORE**, Plaintiff prays for judgment against Jeremy McDowell and Derek Shaw in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, loss of income and earning capacity, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

**Count IX**
**BATTERY**
***(Against Jeremy McDowell, Derek Shaw, and John Doe 2, individually and in their official capacity)***

149.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

150.    Deputy McDowell and Officer Shaw jerked and twisted Robert's left arm, knowing this arm was disabled and had a limited range of motion, behind his back and put Robert in handcuffs.

151.    John Doe 2 intentionally shoved Robert into a concrete half-wall while Robert was still handcuffed in response to a verbal statement by Robert.

152.    These acts were done with the intent to cause physical pain or injury and/or insulting or offensive bodily contact.

153.    The acts of Deputy McDowell, Officer Shaw, and John Doe 2 resulted in physical pain and injury, as well as insulting and offensive bodily contact.

154.    The acts of Deputy McDowell, Officer Shaw, and John Doe 2 were a cause of Robert's damages.

155.    The actions of Deputy McDowell, Officer Shaw, and John Doe 2 were willful, wanton, unlawful, and in gross disregard of Robert's rights and reputation, justifying an award of punitive damages.

156.   Robert hereby requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell, Officer Shaw, and John Doe 2's behavior was oppressive, conniving, harsh, cruel, and or tyrannical.

**WHEREFORE**, Plaintiff prays for judgment against Jeremy McDowell, Derek Shaw, and John Doe 2 in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, loss of income and earning capacity, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### Count X
### ASSAULT
### (*Against Jeremy McDowell, Derek Shaw, John Doe 1 and John Doe 3, individually and in their official capacity*)

157.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

158.   Deputy McDowell, Officer Shaw, John Doe 1, and John Doe 3 pointed firearms at Robert while he was compliant and visibly unarmed.

159.   These acts were done with the intent to cause Robert to fear physical pain or injury.

160.   Robert reasonably believed an act causing physical pain or injury would be carried out immediately.

161.   The acts of Deputy McDowell, Officer Shaw, John Doe 1, and John Doe 3 were a cause of Robert's damages.

162.   The actions of Deputy McDowell, Officer Shaw, John Doe 1, and John Doe 3 were willful, wanton, unlawful, and in gross disregard of Robert's rights and reputation, justifying an award of punitive damages.

163.   Robert hereby requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell, Officer Shaw, John Doe 1, and John Doe 3's behavior was oppressive, conniving, harsh, cruel, and or tyrannical.

**WHEREFORE**, Plaintiff prays for judgment against Jeremy McDowell, Derek Shaw, John Doe 1, and John Doe 3 in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, loss of income and earning capacity, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## Count XI
### NEGLIGENT SUPERVISION AND TRAINING
### (*Against Don Phillips, Chad Farrington, Wapello County, Iowa, and City of Ottumwa, Iowa*)

164.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

165.   Sheriff Phillips and Wapello County were the supervising officer and/or employer of Deputy McDowell, John Doe 1, and John Doe 2.

166.   Chief Farrington and City of Ottumwa were the supervising officer and/or employer of Officer Shaw and John Doe 3.

167.   As the supervising officers and/or employers, Defendants have a duty to exercise reasonable care in the hiring, retention and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

168.   Defendants breached their duty in the negligent and reckless supervision and training of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 as it relates to their making false arrests, initiating malicious

prosecutions, and committing assault and/or battery in their roles as law enforcement officers.

169.    Defendants knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3.

170.    The incompetence, unfitness, and dangerous characteristics of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 were a cause of damage to Robert.

171.    These Defendants' negligence was a proximate cause of Robert's injuries.

**WHEREFORE**, Plaintiff prays for judgment against Don Phillips, Chad Farrington, Wapello County, Iowa, and City of Ottumwa, Iowa in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, loss of income and earning capacity, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### Count XII
### RESPONDEAT SUPERIOR
### (*Against Wapello County, Iowa, and City of Ottumwa, Iowa*)

172.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

173.    At all times material hereto, an employer-employee relationship existed between Wapello County, as the employer, and Deputy McDowell, John Doe 1, and John Doe 2 as the employees.

174.    At all times material hereto, an employer-employee relationship existed between the City of Ottumwa, as the employer, and Officer Shaw and John Doe 3 as the employees.

175.    At all times material hereto, Deputy McDowell, John Doe 1, and John Doe 2 were acting within the scope of their employment with Wapello County.

176.    At all times material hereto, Officer Shaw and John Doe 3 were acting within the scope of their employment with the City of Ottumwa.

177.    Under the doctrine of respondeat superior, Wapello County and City of Ottumwa are liable for the aforementioned conduct and/or omissions of these employees.

178.    As a result of the conduct and/or omissions of Wapello County and City of Ottumwa, Robert sustained damages and injuries as previously set forth in this Petition.

**WHEREFORE**, Plaintiff prays for judgment against Wapello County, Iowa, and City of Ottumwa, Iowa in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, loss of income and earning capacity, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

**GRIBBLE BOLES STEWART & WITOSKY LAW**

BY:     */s/ Matthew M. Boles*

Matthew M. Boles          AT0001037
Adam C. Witosky          AT0010436
2015 Grand Avenue, Ste. 200
Des Moines, Iowa 50312
Telephone:          (515) 235-0551
Facsimile:          (515) 243-3696
Email:     mboles@gbswlaw.com
          awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**