IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT VANDYKE,<br><br>        Plaintiff,<br><br>vs.<br><br>JEREMY McDOWELL, individually and in his capacity as an officer of the Wapello County Sheriff's Office; JOHN DOE 1, individually and in their capacity as an officer of the Wapello County Sheriff's Office; JOHN DOE 2, individually and in their capacity as an officer of the Wapello County Sheriff's Office; DON PHILLIPS, individually and in his capacity as Wapello County Sheriff; WAPELLO COUNTY, IOWA; DEREK SHAW, individually and in his capacity as an officer of the Ottumwa Police Department; JOHN DOE 3, individually and in their capacity as an officer of the Ottumwa Police Department; CHAD FARRINGTON, individually and in his capacity as Chief of Police of the Ottumwa Police Department; CITY OF OTTUMWA, IOWA,<br><br>        Defendants. | NO. 4:21-cv-00160<br><br><br>**ANSWER TO COMPLAINT AND JURY DEMAND** |

For their Answer to Plaintiff's Complaint, Defendants Wapello County, Iowa,

Deputy Jeremy McDowell and Sheriff Don Phillips ("County Defendants"), state:

1

**PARTIES**

1.      Robert VanDyke is a United States citizen and was a resident of Ottumwa, Wapello County, Iowa at the relevant times complained of herein.

Answer: **Denied for lack of information.**

2.      Jeremy McDowell is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Wapello County Sheriffs Office at the relevant times complained of herein.

Answer: **Admitted.**

3.      John Doe 1 is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Wapello County Sheriffs Office at the relevant times complained of herein.

Answer: **Admitted to the extent that "John Doe 1" refers to Deputy Aaron McConnell who is employed by the Wapello County Sheriff's Office ("WCSO").**

4.      John Doe 2 is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Wapello County Sheriffs Office at the relevant times complained of herein.

Answer: **Admitted to the extent that "John Doe 2" refers to Correctional Officer Caleb Davis who is employed by the WCSO.**

5.      Don Phillips is believed to be a citizen and resident of Iowa and was employed as Sheriff for Wapello County at the relevant times complained of herein.

Answer: **Admitted.**

6.      Wapello County, Iowa is a county corporation existing under the laws

of the State of Iowa and operates the Wapello County Sheriffs Office.

Answer: **Admitted.**

7.     Derek Shaw is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Ottumwa Police Department at the relevant times complained of herein.

Answer: **Denied for lack of information.**

8.     John Doe 3 is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer for the Ottumwa Police Department at the relevant times complained of herein.

Answer: **Denied for lack of information.**

9.     Chad Farrington is believed to be a citizen and resident of Iowa and was employed as Chief of Police for the Ottumwa Police Department at the relevant times complained of herein.

Answer: **Denied for lack of information.**

10.    The City of Ottumwa, Iowa is located at 105 E. Third Street, Ottumwa, Wapello County, Iowa, is a municipal corporation organized and authorized to operate under the laws of Iowa and is responsible for maintaining and operating the Ottumwa Police Department.

Answer: **Denied for lack of information.**

## JURISDICTION AND VENUE

11.    Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

Answer: **Admitted.**

12.    Supplemental jurisdiction to hear and decide pendent claims arising

out of State law is invoked under 28 U.S.C. §1367.

    Answer: **Admitted.**

13.    All events and actions referenced herein occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C §1391(b)(l) - (2).

    Answer: **Admitted.**

## FACTUAL BACKGROUND

14.    On June 12, 2019, at approximately 2:30 a.m., Robert was at his private residence.

    Answer: **Denied for lack of information. County Defendants have no knowledge of where Mr. VanDyke was located at 2:30 am on June 12, 2019 other than the fact that Mr. VanDyke was observed laying in a public street by a City of Ottumwa Police Officer at approximately 2:34 am.**

15.    Robert's residence is on one acre of property approximately two miles out of Ottumwa proper.

    Answer: **Denied for lack of information.**

16.    Sometime earlier that night, law enforcement had responded to his residence concerning a noise complaint related to the use of an ATV by Robert's son and son's friends.

    Answer: **Admitted.**

17.    At the time law enforcement first came to his residence, Robert was not present, as he was out at a social event.

    Answer: **Admitted to the extent Mr. VanDyke was not present during the earlier interaction with the WCSO, but denied as to any knowledge of Mr.**

4

**VanDyke's whereabouts at that time.**

18. Robert returned to his residence at approximately 1:00 a.m.

Answer: **Denied for lack of information.**

19. Upon returning to his residence, Robert learned of the incident with the ATV, including it being damaged.

Answer: **Denied for lack of information.**

20. Robert and his significant other engaged in a verbal argument.

Answer: **Admitted to the extent that Mr. VanDyke's son's 911 call recorded a verbal argument between Mr. VanDyke and a feminine voice but denied as to Mr. VanDyke's characterization of any argument.**

21. Despite the argument being purely verbal, Robert's son called 911.

Answer: **Admitted that Mr. VanDyke's son called 911, but denied for lack of information as to the characterization of the argument.**

22. Law enforcement returned to Robert's residence *en masse,* with upwards of fifteen cars responding.

Answer: **Denied.**

 

23.     Officers from both the Wapello County Sheriffs Office and the Ottumwa Police Department responded to the scene.

<u>Answer</u>: **Admitted.**

24.     When law enforcement arrived, Robert was sleeping in his private driveway.

<u>Answer</u>: **Denied.**

25.     Robert was intoxicated.

<u>Answer</u>: **Admitted.**

26.     Robert was clothed in a pair of shorts, without a shirt or shoes.

<u>Answer</u>: **Denied.**

27.     Robert's son was next to Robert when officers arrived.

Answer: **Denied.**

28.     Despite Robert being visibly unarmed, officers of the Wapello County Sheriffs Office and Ottumwa Police Department immediately drew guns and tazers and pointed them at Robert.

Answer: **Denied.**

29.     Based on information and belief, Deputy Jeremey McDowell, Officer Derek Shaw, and John Doe 1 and 3 continued to point their guns at Robert after he was compliant and determined to not be armed.

Answer: **Denied.**

30.     Robert and his son were directed at gun point to step off his private property into the public street.

Answer: **Denied.**

31.     Robert was arrested by Deputy McDowell and Officer Shaw.

Answer: **Admitted to the extent that Deputy McDowell arrested Mr. VanDyke for public intoxication, but denied for lack of information as to Officer Shaw's involvement in the arrest.**

32.     Robert is disabled due to injuries to his left arm and knees.

Answer: **Denied for lack of information.**

33.     The fact of Robert's disability was known to Deputy McDowell, Officer Shaw, and other responding officers.

Answer: **Denied.**

34.     Due to the disability of his left arm, Robert is unable to move his arm

behind his back easily or comfortably.

Answer: **Denied for lack of information.**

35.    Due to the disability of his left arm, during prior arrests by the Wapello County Sheriffs Office and Ottumwa Police Department, Robert had been handcuffed in the front.

Answer: **Denied.**

36.    Rather than handcuffing an unarmed and compliant Robert in the front, Deputy McDowell and Officer Shaw yanked and twisted Robert's left arm behind his back.

Answer: **Denied.**

37.    Deputy McDowell and Officer Shaw utilized unreasonable force in handcuffing Robert's arms behind his back.

Answer: **Denied.**

38.    Deputy McDowell had previously been found by the Ombudsman of the State of Iowa to have, on or about May 20, 2007, engaged in the use of excessive force against a restrained individual.

Answer: **Denied.**

39.    Robert was taken to the Wapello County Jail.

Answer: **Admitted.**

40.    During the booking process, John Doe 2 told Robert, who was still handcuffed, to take off his belt and boots.

Answer: **Denied.**

41.    Robert told John Doe 2 to remove those items himself.

Answer: **Denied.**

42.	John Doe 2 immediately shoved Robert, who was still handcuffed, into a concrete half-wall in the booking area.

Answer: **Denied.**

43.	The impact with which John Doe shoved Robert into the half-wall caused Robert to suffer a closed compression fracture of thoracic vertebra, a closed fracture of a rib on his left side, and contusion of his right knee.

Answer: **Denied.**

44.	On June 12, 2019, Deputy McDowell filed a criminal complaint, signed under oath, stating Robert had used or consumed alcoholic liquor, wine or beer upon a public street or highway, or in a public place.

Answer: **Admitted.**

45.	Robert had not consumed alcohol of any kind in public.

Answer: **Denied for lack of information.**

46.	There was no evidence or information from which a reasonable officer could suspect Robert of consuming alcohol in public.

Answer: **Denied for lack of information.**

47.	On November 20, 2019, the State of Iowa, through the Wapello County Attorney, filed a Motion to Amend which acknowledged Deputy McDowell had initiated the criminal prosecution against Robert.

Answer: **Admitted.**

48.	In the Motion to Amend, the State of Iowa, through the Wapello County Attorney, also acknowledged the charge brought against Robert was

improper and not supported by any evidence.

Answer: **Denied. The November 20, 2019 Motion to Amend acknowledged that Deputy McDowell had inadvertently selected the wrong sentence of section 123.46(2) of the Iowa Code in filling out the complaint and requested that the complaint be amended to reflect the fourth sentence of section 123.46(2) as outlined in the facts alleged in the criminal complaint.**

49.     In the Motion to Amend, the State of Iowa sought to amend the criminal charge to public intoxication, based on the factual representations of Deputy McDowell.

Answer: **Admitted.**

50.     In the sworn criminal complaint, Deputy McDowell asserted Robert had been found intoxicated in the roadway.

Answer: **Admitted.**

51.     Deputy McDowell made this statement under oath despite knowing Robert had been found in his private driveway, not in a public roadway.

Answer: **Denied.**

52.     Based on Deputy McDowell's representations, the Motion to Amend was granted on November 21, 2019.

Answer: **Denied for lack of information. The November 21, 2019 Order does not outline on what basis the Court granted the Motion to Amend.**

53.     Despite being directed to file an additional complaint to clarify the charges against Robert, Deputy McDowell failed to do so for approximately 17 months.

Answer: **Denied. There is no indication the Court ever "directed" Deputy McDowell to file an additional complaint.**

54.     On April 19, 2021, the State of Iowa filed a Motion to Dismiss the criminal charge against Robert, in the interest of justice, with costs assessed to the State.

Answer: **Admitted to the extent the State filed a Motion to Dismiss in the interests of justice with costs but denied to any characterization Mr. VanDyke assigns to the Motion.**

55.     On April 21, 2021, the Motion to Dismiss was granted.

Answer: **Admitted.**

## CAUSES OF ACTION

### Count I

**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
Right to be Free from Arrest without Probable Cause
(Against Jeremy McDowell and Derek Shaw, individually)**

56.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

57.     Jeremy McDowell and Derek Shaw are persons for purposes of a Section 1983 action for damages.

Answer: **Admitted.**

58.     At all times material hereto, Deputy McDowell's actions and/or omissions were made under the color of authority and law as an officer of the Wapello County Sheriffs Department.

11

Answer: **Admitted to the extent that Deputy McDowell was working as a sheriff's deputy for the WCSO at the time of the incident but denied to the extent he engaged in any unlawful act or omission.**

59.    At all times material hereto, Officer Shaw's actions and/or omissions were made under the color of authority and law as an officer of the Ottumwa Police Department.

Answer: **This paragraph does not apply to the County Defendants.**

60.    On Jun 12, 2019, Deputy McDowell and Officer Shaw violated Robert's clearly established constitutional rights by arresting Robert without probable cause to believe a criminal offense had been committed.

Answer: **Denied.**

61.    Based upon the facts known to Deputy McDowell and Officer Shaw, no reasonable officer could believe probable cause existed to arrest Robert.

Answer: **Denied.**

62.    There was no warrant for Robert's arrest.

Answer: **Admitted, but denied to the extent a warrant was required to arrest Mr. VanDyke.**

63.    Deputy McDowell and Officer Shaw violated Robert 's Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from unlawful arrest.

Answer: **Denied.**

64.    Deputy McDowell and Officer Shaw demonstrated a deliberate indifference to and a reckless disregard of Robert 's constitutional rights in his

unlawful arrest of Robert.

Answer: **Denied.**

65.     Deputy McDowell's and Officer Shaw actions were willful, wanton, unlawful, and in gross disregard of Robert's constitutional rights, justifying an award of punitive damages.

Answer: **Denied.**

66.     As a direct and proximate result of Deputy McDowell and Officer Shaw's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

a.  Deprivation of his constitutional rights;

b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.  Loss of income and earning capacity

d.  Consequential damages;

e.  Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

f.  Punitive damages;

g.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

h.  Other damages as allowed by law.

Answer: **Paragraph 66 and all its subparts are denied.**

**VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION**
**Right to be Free from Arrest without Probable Cause**
**(Against Jeremy McDowell and Derek Shaw, individually)**

67.　Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

68.　At all times material hereto, Jeremy McDowell's actions and/or omissions were made under the color of authority and law as an officer of the Wapello County Sheriffs Department.

Answer: **Admitted to the extent that Deputy McDowell was working as a sheriff's deputy for the WCSO at the time of the incident but denied to the extent he engaged in any unlawful act or omission.**

69.　At all times material hereto, Derek Shaw's actions and/or omissions were made under the color of authority and law as an officer of the Ottumwa Police Department.

Answer: **This paragraph does not apply to the County Defendants.**

70.　On Jun 12, 2019, Deputy McDowell and Officer Shaw violated Robert's clearly established constitutional rights by arresting Robert without probable cause to believe a criminal offense had been committed.

Answer: **Denied.**

71.　Based upon the facts known to Deputy McDowell and Officer Shaw, no reasonable officer could believe probable cause existed to arrest Robert.

Answer: **Denied.**

72.　There was no warrant for Robert 's arrest.

Answer: **Admitted, but denied to the extent a warrant was required for the arrest of Mr. VanDyke.**

73.     Deputy McDowell and Officer Shaw violated Robert's rights under Article I, §8 of the Iowa Constitution to be free from unlawful arrest.

Answer: **Denied.**

74.     Deputy McDowell and Officer Shaw demonstrated a deliberate indifference to and a reckless disregard of Robert's constitutional rights in his unlawful arrest of Robert.

Answer: **Denied.**

75.     Deputy McDowell and Officer Shaw's actions were willful, wanton, unlawful, and in gross disregard of Robert's constitutional rights, justifying an award of punitive damages.

Answer: **Denied.**

76.     Robert requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell and Officer Shaw's violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

Answer: **Denied.**

77.     As a direct and proximate result of Deputy McDowell and Officer Shaw's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

a.     Deprivation of his constitutional rights;

b.     Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.     Loss of income and earning capacity

d.      Consequential damages;

e.      Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

f.      Punitive damages;

g.      All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

h.      Other damages as allowed by law.

<u>Answer</u>: **Paragraph 77 and all its subparts are denied.**


## Count III

**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**Right to be Free from Excessive Force**
**(Against Jeremy McDowell, Derek Shaw, John Doe 1, John Doe 2, and John Doe 3, individually)**

78.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

<u>Answer</u>: **This paragraph does not require a response.**

79.     Jeremy McDowell, Derek Shaw, John Doe 1, John Doe 2, and John Doe 3 are persons for purposes of a Section 1983 action for damages.

<u>Answer</u>: **Admitted.**

80.     At all times material hereto, the actions and/or omissions of Jeremy McDowell, John Doe 1, and John Doe 3 were made under the color of authority and law as officers of the Wapello County Sheriffs Department.

Answer: **County Defendants cannot admit nor deny this paragraph as the named individuals have not been sufficiently identified. Deputy McDowell and Deputy McConnell (possibly John Doe 1) were working as sheriff's deputies for the WCSO at the time of the incident but denied to the extent they engage in any unlawful act or omission.**

81.     At all times material hereto, the actions and/or omissions of Derek Shaw and John Doe 2 were made under the color of authority and law as officers of the Ottumwa Police Department.

Answer: **Denied to the extent the County Defendants have any knowledge of Officer Derek Shaw. County Defendants believe "John Doe 2" may be Correctional Officer Caleb Davis who was not an employee of the City of Ottumwa, Iowa.**

82.     On or about June 12, 2019, Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 violated Robert's constitutional rights by using excessive force in Robert's arrest.

Answer: **Denied.**

83.     Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 violated Robert 's Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from excessive force.

Answer: **Denied.**

84.     The use of force Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 employed while confronting Robert was excessive, unreasonable, and unnecessary under the circumstances.

Answer: **Denied.**

85.    Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 demonstrated a deliberate indifference to and a reckless disregard of Robert's constitutional rights by his use of force against Robert.

Answer: **Denied.**

86.    The actions of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 were willful, wanton, unlawful, and in gross disregard of Robert 's civil rights, justifying an award of punitive damages.

Answer: **Denied.**

87.    As a direct and proximate result of the illegal and unjustified conduct of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and   John Doe 3, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

    a.    Deprivation of his constitutional rights;

    b.    Physical and mental pain and suffering;

    c.    Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    d.    Loss of income and earning capacity

    e.    Consequential damages;

    f.    Actual and compensatory damages;

    g.    Punitive damages;

    h.    All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

i       Other damages as allowed by law.

Answer: **Paragraph 87 and all its subparts are denied.**

## Count IV

**VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION**
**Right to be Free from Excessive Force**
**(Against Jeremy McDowell, Derek Shaw, John Doe 1, John Doe 2, and John Doe 3,**
**individually)**

88.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

89.    At all times material hereto, the actions and/or omissions of Jeremy McDowell, John Doe 1, and John Doe 3 were made under the color of authority and law as officers of the Wapello County Sheriffs Department.

Answer: **Denied as to "John Doe 3" who Mr. VanDyke identifies above as an employee of the City of Ottumwa, Iowa. Admitted to the extent that Deputy McDowell and John Doe 1 (possibly Deputy Aaron McConnell) were employees of the WCSO at the time of the incident, but denied to the extent they engage in any unlawful act or omission.**

90.    At all times material hereto, the actions and/or omissions of Derek Shaw and John Doe 2 were made under the color of authority and law as officers of the Ottumwa Police Department.

Answer: **Denied to the extent the County Defendants have any knowledge of Officer Derek Shaw. County Defendants believe "John Doe 2" may be Correctional Officer Caleb Davis who was not an employee of the**

**City of Ottumwa, Iowa.**

91.     On June 12, 2019, Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 violated Robert's clearly established constitutional rights by using excessive force in Robert's arrest.

Answer: **Denied.**

92.     Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 violated Robert's rights under Article I, §8 of the Iowa Constitution to be free from excessive force.

Answer: **Denied.**

93.     The use of force Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 employed while confronting Robert was excessive, unreasonable, and unnecessary under the circumstances.

Answer: **Denied.**

94.     Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 demonstrated a deliberate indifference to and a reckless disregard of Robert's constitutional rights by his use of force against Robert.

Answer: **Denied.**

95.     The actions of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 were willful, wanton, unlawful, and in gross disregard of Robert's constitutional rights, justifying an award of punitive damages.

Answer: **Denied.**

96.     Robert requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell, Officer Shaw, John Doe 1, John Doe

2, and John Doe 3's violation of his constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

Answer: **Denied.**

97.     As a direct and proximate result of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

a.   Deprivation of his constitutional rights;

b.   Physical and mental pain and suffering;

c.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

d.   Loss of income and earning capacity;

e.   Consequential damages;

f.   Actual and compensatory damages;

g.   Punitive damages;

h.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

i.   Other damages as allowed by law.

Answer: **Paragraph 97 and all its subparts are denied.**

**Count V**

**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**Monell Liability for Arrest without Probable Cause**
**(Against Don Phillips and Chad Farrington, individually, Wapello County, Iowa and City of Ottumwa, Iowa)**

98.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

99.     Don Phillips, Wapello County, Chad Farrington, and City of Ottumwa are persons for purposes of a Section 1983 action for damages.

Answer: **Admitted.**

100.    At all times material hereto, Don Phillips' actions and/or omissions were made under the color of authority as Sheriff for Wapello County.

Answer: **Admitted to the extent that Sheriff Phillips, was serving as the Wapello County Sheriff at the time of the incident but denied to the extent he engaged in any unlawful act or omission.**

101.    As Sheriff, Sheriff Phillips is responsible for supervising and training the law enforcement officers of the Wapello County Sheriffs Office, as well as implementing and enforcing Wapello County's policies.

Answer: **Admitted.**

102.    At all times material hereto, Chad Farrington's actions and/or omissions were made under the color of authority as Chief of the Ottumwa Police Department.

Answer: **This paragraph does not apply to the County Defendants.**

103.   As Chief of Police, Chief Farrington is responsible for supervising and training the law enforcement officers of the Ottumwa Police Department, as well as implementing and enforcing the City of Ottumwa's policies.

Answer: **This paragraph does not apply to the County Defendants.**

104.   Sheriff Phillips and Wapello County failed to establish and/or maintain, and/or enforce official county policies, patterns, practices, or customs for determining when probable cause exists to make an arrest for public intoxication or public consumption of alcohol.

Answer: **Denied.**

105.   Chief Farrington and City of Ottumwa failed to establish and/or maintain, and/or enforce official city policies, patterns, practices, or customs for determining when probable cause exists to make an arrest for public intoxication or public consumption of alcohol.

Answer: **This paragraph does not apply to the County Defendants.**

106.   Prior to the events described supra, Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa deliberately and with reckless disregard for the constitutional rights of their citizens failed to establish an adequate and sufficient policy and procedure for training or supervising officers within the respective departments relating to when probable cause exists to make an arrest for public intoxication or public consumption of alcohol.

Answer: **Denied.**

107.   Sheriff Phillips, Wapello County, Chief Farrington, and City of

Ottumwa deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdictions failed to adequately and sufficiently train and/or supervise officers within their departments regarding when probable cause exists to make an arrest for public intoxication or public consumption of alcohol.

Answer: **Denied.**

108.   The customs and practices of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa were ones which involved the failure to initiate policies to ensure arrest are performed only where a warrant was issued or where probable cause exists to believe a criminal offense has been committed.

Answer: **Denied.**

109.   The acts and/or omissions of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa regarding law enforcement and citizen interactions amounted to deliberate indifference to the rights and safety of citizens, including Robert.

Answer: **Denied.**

110.   The actions and/or omissions of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa intruded upon Robert's right to be free from arrest in the absence of probable cause.

Answer: **Denied.**

111.   The failure of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused Deputy McDowell and Officer Shaw to violate Robert's constitutional rights.

Answer: **Denied.**

112.   Sheriff Phillips and Chief Farrington's actions were willful, wanton, unlawful, and in gross disregard of Robert's civil rights, justifying an award of punitive damages.

Answer: **Denied.**

113.   As a direct and proximate result of Deputy McDowell and Officer Shaw's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

a.  Deprivation of his constitutional rights;

b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.  Loss of income and earning capacity

d.  Consequential damages;

e.  Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

f.   Punitive damages as to Sheriff Phillips and Chief Farrington;

g.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

h.  Other damages as allowed by law.

Answer: **Paragraph 113 and all its subparts are denied.**

## Count VI

**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**Monell Liability for Excessive Force**
**(Against Don Phillips and Chad Farrington, individually, Wapello County, Iowa and City of Ottumwa, Iowa)**

114.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

115.   Don Phillips, Wapello County, Chad Farrington, and City of Ottumwa are persons for purposes of a Section 1983 action for damages.

Answer: **Admitted.**

116.   At all times material hereto, Don Phillips' actions and/or omissions were made under the color of authority as Sheriff for Wapello County.

Answer: **Admitted to the extent that Sheriff Phillips, was serving as the Wapello County Sheriff at the time of the incident but denied to the extent he engaged in any unlawful act or omission.**

117.   As Sheriff, Sheriff Phillips is responsible for supervising and training the law enforcement officers of the Wapello County Sheriffs Office, as well as implementing and enforcing Wapello County's policies.

Answer: **Admitted.**

118.   At all times material hereto, Chad Farrington's actions and/or omissions were made under the color of authority as Chief of the Ottumwa Police Department.

Answer: **This paragraph does not apply to the County Defendants.**

119.   As Chief of Police, Chief Farrington is responsible for supervising and training the law enforcement officers of the Ottumwa Police Department, as well as implementing and enforcing the City of Ottumwa's policies.

Answer: **This paragraph does not apply to the County Defendants.**

120.   Sheriff Phillips and Wapello County failed to establish and/or maintain, and/or enforce official county policies, patterns, practices, or customs concerning when and to what degree force is to be used in effectuating an arrest.

Answer: **Denied.**

121.   Chief Farrington and City of Ottumwa failed to establish and/or maintain, and/or enforce official city policies, patterns, practices, or customs for determining when and to what degree force is to be used in effectuating an arrest.

Answer: **Denied.**

122.   Prior to the events described supra, Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa deliberately and with reckless disregard for the constitutional rights of their citizens failed to establish an adequate and sufficient policy and procedure for training or supervising officers within the respective departments relating to when and to what degree force is to be used in effectuating an arrest.

Answer: **Denied.**

123.   Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdictions failed to adequately and sufficiently train and/or supervise officers within their departments regarding when and to what

degree force is to be used in effectuating an arrest.

Answer: **Denied.**

124.　The customs and practices of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa were ones which involved the failure to initiate policies to ensure force is not used against a compliant and non-fleeing person when arresting or booking an individual for a non-violent simple misdemeanor.

Answer: **Denied.**

125.　The acts and/or omissions of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa regarding law enforcement and citizen interactions amounted to deliberate indifference to the rights and safety of citizens, including Robert.

Answer: **Denied.**

126.　The actions and/or omissions of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa intruded upon Robert's right to be free from arrest in the absence of probable cause.

Answer: **Denied.**

127.　The failure of Sheriff Phillips, Wapello County, Chief Farrington, and City of Ottumwa to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 to violate Robert's constitutional rights.

Answer: **Denied.**

128.　Sheriff Phillips and Chief Farrington's actions were willful, wanton,

unlawful, and in gross disregard of Robert's civil rights, justifying an award of punitive damages.

Answer: **Denied.**

129. As a direct and proximate result of Deputy McDowell and Officer Shaw's illegal and unjustified conduct, Robert was injured and is entitled to recover for what he has suffered in the past and will suffer in the future, including:

    a. Deprivation of his constitutional rights;

    b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c. Loss of income and earning capacity

    d. Con sequential damages;

    e. Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

    f. Punitive damages as to Sheriff Phillips and Chief Farrington;

    g. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

    h. Other damages as allowed by law.

Answer: **Paragraph 129 and all its subparts are denied.**

## Count VII

**MALICIOUS PROSECUTION**
**(Against Jeremy McDowell, individually and in his official capacity)**

130. Plaintiff repleads each preceding paragraph as if fully set forth

herein.

Answer: **This paragraph does not require a response.**

131.   Robert was prosecuted in a criminal proceeding in State v. Van Dyke. Wapello County Case No. SMSM0427278, beginning on or about June 12, 2019.

Answer: **Admitted.**

132.   Deputy McDowell caused this prosecution by preparing and filing a criminal complaint against Robert.

Answer: **Admitted to the extent Deputy McDowell filed the criminal complaint but denied to the extent Deputy McDowell "caused" the prosecution. The prosecution was "caused" by Mr. VanDyke's being intoxicated and passed out on a public street.**

133.   The prosecution ended favorably for Robert, with the charge dismissed against him on the State's motion and in the interest of justice, with all costs charged to the State.

Answer: **Admitted.**

134.   Deputy McDowell acted without probable cause.

Answer: **Denied.**

135.   Based upon the facts known to Deputy McDowell, no reasonable officer could believe probable cause existed to charge Robert with a criminal offense.

Answer: **Denied.**

136.   Deputy McDowell acted with malice.

Answer: **Denied.**

137.   The prosecution was a cause of damages to Robert, including incurring attorney fees and costs associated with defending against the criminal charge.

Answer: **Denied.**

138.   Deputy McDowell's actions were willful, wanton, unlawful, and in gross disregard of Robert's rights and reputation justifying an award of punitive damages.

Answer: **Denied.**

139.   Robert hereby requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell's behavior was oppressive, conniving, harsh, cruel, and or tyrannical.

Answer: **Denied.**

## Count VIII

**FALSE ARREST**
**(Against Jeremy McDowell and Derek Shaw, individually and in their official capacity)**

140.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

141.   On June 12, 2019, Robert was detained and restrained against his will.

Answer: **Admitted.**

142.   Robert's detention and restraint was done by Deputy McDowell and Officer Shaw.

Answer: **Admitted to the extent Deputy McDowell arrested Mr.**

**VanDyke, but denied for lack of information as the paragraph pertains to Officer Shaw.**

143. The detention and restraint by Deputy McDowell and Officer Shaw was a cause of Robert's damages, including incurring attorney fees and costs associated with defending against the criminal charge.

<u>Answer</u>: **Denied.**

144. Deputy McDowell and Officer Shaw's detention and restraint of Robert was without probable cause.

<u>Answer</u>: **Denied.**

145. Based upon the facts known to Deputy McDowell and Officer Shaw, no reasonable officer could believe probable cause existed to arrest Robert.

<u>Answer</u>: **Denied.**

146. Deputy McDowell and Officer Shaw's acted with malice in the detention and restraint of Robert.

<u>Answer</u>: **Denied.**

147. Deputy McDowell and Officer Shaw's actions were willful, wanton, unlawful, and in gross disregard of Robert 's rights and reputation, justifying an award of punitive damages.

<u>Answer</u>: **Denied.**

148. Robert hereby requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell and Officer Shaw's behavior was oppressive, conniving, harsh, cruel, and or tyrannical.

<u>Answer</u>: **Denied.**

## Count IX

**BATTERY**

**(Against Jeremy McDowell, Derek Shaw, and John Doe 2, individually and in their official capacity)**

149.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

150.    Deputy McDowell and Officer Shaw jerked and twisted Robert's left arm, knowing this arm was disabled and had a limited range of motion, behind his back and put Robert in handcuffs.

Answer: **Denied.**

151.    John Doe 2 intentionally shoved Robert into a concrete half-wall while Robert was still handcuffed in response to a verbal statement by Robert.

Answer: **Denied.**

152.    These acts were done with the intent to cause physical pain or injury and/or insulting or offensive bodily contact.

Answer: **Denied.**

153.    The acts of Deputy McDowell, Officer Shaw, and John Doe 2 resulted in physical pain and injury, as well as insulting and offensive bodily contact.

Answer: **Denied.**

154.    The acts of Deputy McDowell, Officer Shaw, and John Doe 2 were a cause of Robert's damages.

Answer: **Denied.**

155.    The actions of Deputy McDowell, Officer Shaw, and John Doe 2 were

willful, wanton, unlawful, and in gross disregard of Robert's rights and reputation, justifying an award of punitive damages.

Answer: **Denied.**

156. Robert hereby requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell, Officer Shaw, and John Doe 2's behavior was oppressive, conniving, harsh, cruel, and or tyrannical.

Answer: **Denied.**


## Count X
### ASSAULT
**(Against Jeremy McDowell, Derek Shaw, and John Doe 1, and John Doe 3, individually and in their official capacity)**

157. Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

158. Deputy McDowell, Officer Shaw, John Doe 1, and John Doe 3 pointed firearms at Robert while he was compliant and visibly unarmed.

Answer: **Denied.**

159. These acts were done with the intent to cause Robert to fear physical pain or injury.

Answer: **Denied.**

160. Robert reasonably believed an act causing physical pain or injury would be carried out immediately.

Answer: **Denied.**

161. The acts of Deputy McDowell, Officer Shaw, John Doe 1, and John

Doe 3 were a cause of Robert's damages.

Answer: **Denied.**

162.   The actions of Deputy McDowell, Officer Shaw, John Doe 1, and John Doe 3 were willful, wanton, unlawful, and in gross disregard of Robert's rights and reputation, justifying an award of punitive damages.

Answer: **Denied.**

163.   Robert hereby requests reasonable attorney fees and costs associated with prosecuting this action as Deputy McDowell, Officer Shaw, John Doe 1, and John Doe 3's behavior was oppressive, conniving, harsh, cruel, and or tyrannical.

Answer: **Denied.**

**Count XI**
**NEGLIGENT SUPERVISION AND TRAINING**
**(Against Don Phillips, Chad Farrington, Wapello County, Iowa, and City of Ottumwa, Iowa)**

164.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

165.   Sheriff Phillips and Wapello County were the supervising officer and/or employer of Deputy McDowell, John Doe 1, and John Doe 2.

Answer: **Admitted.**

166.   Chief Farrington and City of Ottumwa were the supervising officer and/or employer of Officer Shaw and John Doe 3.

Answer: **This paragraph does not apply to the County Defendants.**

167.   As the supervising officers and/or employers, Defendants have a duty to exercise reasonable care in the hiring, retention and supervision of

individuals who, because of their employment, may pose a threat of injury to members of the public.

Answer: **Admitted to the extent that Sheriff Phillips has a duty to oversee his employees, but denied to the extent this is required because the employees "may pose a threat of injury to members of the public."**

168.   Defendants breached their duty in the negligent and reckless supervision and training of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 as it relates to their making false arrests, initiating malicious prosecutions, and committing assault and/or battery in their roles as law enforcement officers.

Answer: **Denied.**

169.   Defendants knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3.

Answer: **Denied.**

170.   The incompetence, unfitness, and dangerous characteristics of Deputy McDowell, Officer Shaw, John Doe 1, John Doe 2, and John Doe 3 were a cause of damage to Robert.

Answer: **Denied.**

171.   These Defendants' negligence was a proximate cause of Robert's injuries.

Answer: **Denied.**

172.  Plaintiff repleads each preceding paragraph as if fully set forth herein.

Answer: **This paragraph does not require a response.**

173.  At all times material hereto, an employer-employee relationship existed between Wapello County, as the employer, and Deputy McDowell, John Doe 1, and John Doe 2 as the employees.

Answer: **Admitted.**

174.  At all times material hereto, an employer-employee relationship existed between the City of Ottumwa, as the employer, and Officer Shaw and John Doe 3 as the employees.

Answer: **This paragraph does not apply to the County Defendants.**

175.  At all times material hereto, Deputy McDowell, John Doe 1, and John Doe 2 were acting within the scope of their employment with Wapello County.

Answer: **Admitted.**

176.  At all times material hereto, Officer Shaw and John Doe 3 were acting within the scope of their employment with the City of Ottumwa.

Answer: **This paragraph does not apply to the County Defendants.**

177.  Under the doctrine of respondeat superior, Wapello County and City of Ottumwa are liable for the aforementioned conduct and/or omissions of these employees.

Answer: **Admitted to the extent that Mr. VanDyke states the general definition of respondeat superior, but denied as to any implication that the**

37

**County Defendants acted unlawfully.**

178.    As a result of the conduct and/or omissions of Wapello County and City of Ottumwa, Robert sustained damages and injuries as previously set forth in this Petition.

Answer: **This paragraph does not apply to the County Defendants.**


## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    County Defendants exercised all due care to comply with the law and are entitled to qualified immunity.

3.    County Defendants are immune from suit for all or a portion of Plaintiff's allegations under Iowa Code section 670.4 and/or 670.4A.

4.    If Plaintiff was injured and/or damaged as alleged in his Complaint, which is expressly denied, the injuries and/or damages resulted from Plaintiff's own willful conduct or Plaintiff's own comparative fault pursuant to Iowa Code Chapter 668 (2021), and were not proximately caused by the County Defendants.

5.    Defendants Deputy Jeremy McDowell, John Doe 1, John Doe 2, and Sheriff Don Phillips acted at all times reasonably and in good faith within the scope of their employment that met or exceeded the applicable standard of care, and their conduct was justified under the circumstances.

6.    Punitive damages are not recoverable against Wapello County, Iowa and are not warranted as to Deputy Jeremy McDowell, John Doe 1, John Doe 2, and Sheriff Don Phillips, as there is no clear, convincing, and satisfactory evidence

that individual Defendant employees conduct constituted willful and wanton disregard for the rights or safety of another. See Iowa Code Section 670.4(1)(e) (2021) and Iowa Code Chapter 668A (2021).

7.     Plaintiff may have failed to mitigate any alleged damages.

8.     Wapello County, Iowa is not subject to liability for any claims for punitive damages or exemplary damages. See Iowa Code Section 670.4(1)(e).

9.     Discovery is continuing, and the County Defendants reserve the right to amend their answer and to raise any additional affirmative defenses which the evidence revealed in discovery may support.

**JURY DEMAND**

County Defendants request a jury trial.

    /s/ Wilford H. Stone
WILFORD H. STONE, AT0007699
DANIEL M. MORGAN, AT0013452
    of
LYNCH DALLAS, P.C.
526 Second Avenue SE
P.O. Box 2457
Cedar Rapids, Iowa 52406-2457
Telephone   319.365.9101
Facsimile   319.365.9512
E-Mail     wstone@lynchdallas.com
            dmorgan@lynchdallas.com

ATTORNEYS FOR DEFENDANTS
JEREMY MCDOWELL, DON PHILLIPS and
WAPELLO COUNTY, IOWA